In re: Thomas J. Heath, Sr., et al. applying for writs of certiorari, prohibition and mandamus with stay order.
Writ refused. Relators seek only injunctive relief. Injunction will not lie except upon adequate showing of palpable unconstitutionality and then only if irreparable injury will result. The showing made does not warrant the exercise of our supervisory jurisdiction.
SUMMERS, J., dissents from the refusal to grant writs.
SUMMERS, Justice (dissenting from the refusal to grant writs).
The City has enacted a “Public Accommodations Law” compelling plaintiffs, who *1167 are the operators of barrooms, lounges and other retail liquor outlets, to serve all persons, regardless of race, color, religion, national origin or ancestry. Barber shops, beauty shops, and any other place which provides professional services of a distinctly private, and confidential nature which are open to, accept or solicit the patronage of the general public are permitted by the ordinance to discriminate against persons seeking their services on the basis of race, color, religion, national origin or ancestry. No attempt is made to reconcile this bizarre incongruity.
Plaintiffs have demonstrated by a proffer of proof that their businesses will be disrupted and they will suffer loss of income by the enforcement of this ordinance. The trial judge inferentially concedes this issue when he circumvents it and adjudicates the constitutionality of the ordinance. No provision for reimbursement of this loss has been provided for by the City Council which enacted the contested ordinance. The loss and damage plaintiffs will suffer will therefore be irreparable.
In effect, the rights and property of plaintiffs are to be bargained away, abused and destroyed under the guise of granting rights to others who they do not choose to serve and' whose business they do not solicit. The case involves a clash of competing constitutional claims of a high order : liberty and equality. Freedom of the individual to choose his associates or his neighbors, to use and dispose of his property as he sees fit, to be irrational, arbitrary, capricious, even unjust in his personal relations are all things entitled to a large measure of protection from governmental interference. La.Const. art. 1, §§ 2 & 15, and art. 4, § 4. See the separate opinion of Mr. Justice Harlan in Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1119, 10 L.Ed.2d 323 (1963). This liberty has been overridden by this ordinance and the refusal of this Court to grant relief to plaintiffs.
Neither the ordinance nor the arguments presented have convinced me that the destruction of plaintiffs’ rights are a necessary or reasonable exercise of the police power of the city. If this ordinance were aimed at suppressing practices which disturbed the public order, prostituted the public morals or promoted crimes or nuisances, the regulation would bear some semblance of a reasonable exercise of the police power. But this ordinance does none of these things. Its design, as everyone knows, is to promote hotel trade and attendance at football games and other contests. These purposes have no relation to a proper exercise of the police power, and in my view the ordinance is palpably unconstitutional.
The abolition of plaintiffs’ constitutional liberty cannot be justified on the grounds that doing so will hasten integration or promote the community’s trade.
I respectfully dissent.